## ED LINEHAN v. R. E. FARICY AND OTHERS.[1]

January 20, 1956.

No. 36,658.

*Coursolle, Preus & Maag, E. John Abdo,* and *Donald F. Pratt,* for appellant.

*Miles Lord,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondents.

PER CURIAM.

The relator, a resort owner, appeals from an order of the District Court of Ramsey County quashing a writ of certiorari to the Industrial Commission and ordering judgment that the commission's wage order No. 19 is a valid order. The commission's order was dated March 23, 1953, and determined minimum wages for women and minors working in public housekeeping.

M. S. A. 177.08 requires that "Whenever an order or decision of the commission affecting minimum wages is contemplated, the commission shall establish an advisory board, * * *" and "* * * shall make rules and regulations governing the selection of members and the modes of procedure of the advisory boards * * *." It is conceded that the commission did not make, adopt, and promulgate

[1]Reported in 74 N. W. (2d) 670.

rules and regulations for the selection of members of the advisory board. It is also undisputed that the proceedings of the board were conducted without benefit of rules and regulations. The relator contends that the failure of the Industrial Commission to make, adopt, and promulgate rules and regulations, as required by § 177.08 and L. 1945, c. 452 (M. S. A. 15.041, et seq.), renders the order invalid. The District Court of Ramsey County held that the commission's proceedings were regular; that the order was based on substantial evidence; and that § 177.08 being merely directory and designed for the internal convenience of the commission, the order was valid.

In Thomas v. Ramberg, 245 Minn. 474, 73 N. W. (2d) 195, we held that compliance with the provisions of § 177.08 relating to the making of rules and regulations governing the selection of members of the advisory board and modes of procedure is a prerequisite to the making of a valid order establishing minimum wages. We held further that the requirement to make rules and regulations was mandatory under the express language of the statute and that a valid order establishing minimum wages cannot be made without compliance therewith. That decision is determinative of this action.

Since the order appealed from is reversed on the foregoing ground, the further points raised in the appellant's brief are not considered.

Reversed.